MARIE McNAMARA *v.* THE CONNECTICUT RAILWAY & LIGHTING COMPANY ET AL.

MAITLAND McNAMARA *v.* THE CONNECTICUT RAILWAY & LIGHTING COMPANY ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued November 16—decided December 6, 1939.

*Samuel G. Payne,* with whom was *Arthur M. Comley,* for the appellant (named defendant).

*Philip Reich,* with whom was *Edward Schine,* and, on the brief, *Samuel Reich,* for the appellees (plaintiffs).

BROWN, J. In each of these cases, which were tried together, the jury rendered a verdict for the plaintiff against the named defendant, and found for the defendant Hasak. The company's motion to set aside the verdict in each was denied by the court after a remittitur had been filed in the case of the plaintiff husband, and it has appealed. Whether the court erred in refusing to set aside the verdict is the sole and identical question upon each appeal. The plaintiff wife alighted from the right door of the appellant's bus, in which she was a passenger, when, as it was turning left into an intersecting street, it stopped in a diagonal position at the corner to let her out, and she was knocked down by the car of the defendant Hasak which was following the bus. The appellant claims the verdict against it should have been set aside: first, because the jury could not reasonably have concluded upon the evidence that the plaintiff was free from contributory negligence; and second, because it is inconsistent as a matter of law with the jury's verdict in favor of the defendant Hasak.

The jury could reasonably have found these facts: Ruane Street in Fairfield is straight, level and twenty-four feet wide, and extends in a northerly and southerly direction where it is intersected from the east at right angles by Hurd Street, which is twenty-eight feet wide. The northeasterly corner of the intersecting streets is rounded off by a gradual circular curve in the edge of the roadway, so that at a point therein in line with the easterly property line of Ruane Street south of the intersection extended, which property line is eight feet easterly of the easterly line of that street, Hurd Street is forty feet wide, and gradually tapers to its twenty-eight feet width further east. At the point where the above mentioned extended line intersects the curving northeasterly edge, the traveled

roadway from east to west across Ruane Street is thirty-five feet wide. Each street has an oiled gravel surface, and neither has any curb, paved gutter or sidewalk. At the time of the accident at about half past six on the evening of January 21, 1938, it was snowing hard and the roadways were covered with snow and were slippery. The plaintiff wife was a passenger on the appellant's bus, which was thirty feet long by about eight feet wide, and had a door on its right side about ten feet from its rear end. As it proceeded southerly on Ruane Street the plaintiff sounded the buzzer signal indicating her desire to get off at Hurd Street. The driver keeping close to the northeast edge of the road started a left turn of the bus into Hurd Street and brought it to a stop with its front end at about the center thereof, and the body of the bus on a very slight angle to the line of Ruane Street, with its right front corner four or five feet east of the easterly line of Ruane Street extended across Hurd Street, and its rear right corner about two or three feet to the west of this line. The bus was thus stopped to the left of the center lines of both streets. Without looking to see if any car was following, the driver opened the right side door for the plaintiff to alight, which she did at a point two feet to the east of the last described line. Observing by his mirror that the plaintiff was out, he closed the door and started the bus forward. The plaintiff not knowing just where the bus had stopped, took one step off and then stood for an instant as it continued on. Immediately, and before she had time to look to her right, the rear left marker bracket of the defendant Hasak's car which was following the bus, as he swung his car to the right, struck the plaintiff with such force that her right arm was seriously injured and she was knocked to the roadway of the intersection at a point about eight feet

from the easterly edge of Ruane Street. In letting the plaintiff out where it did, the appellant discharged her, its passenger, in a place where she was in danger of being struck by vehicles passing in Ruane Street, and violated the public utilities commission rule that in discharging passengers buses shall "be stopped at the extreme right of the available roadway." Upon these facts the jury were warranted in concluding that the plaintiff was free from contributory negligence and that the appellant's negligence was a proximate cause of her injury.

The appellant's fundamental contention in substantiation of its first point is, that since the only evidence is that the bus stopped on an angle at the intersection with part of it in each street, by reason of the consequent projection of its rear right corner into Ruane Street ten feet north of where the plaintiff testified she was let out, it would have been a physical impossibility for her to have been struck by the Hasak car unless she had walked in front of it by taking several steps away from the bus; and that therefore the jury could not reasonably have concluded that this conduct did not constitute contributory negligence. This argument assumes that the position of the bus was at a substantially greater angle to Ruane Street than the jury could properly have found to have been the fact, as is above set forth, and further that it remained stationary until after the plaintiff was struck. The evidence was conflicting upon both of these points, particularly concerning the precise location of the bus, as to which it consisted principally of testimony directed to places pointed out by the witnesses upon plan or photograph. The interpretation of this evidence peculiarly involved evaluation by the jury. As is manifest from what we have stated in the preceding paragraph, the jury were warranted in finding that the

plaintiff, after her single step down in alighting, not only took no other step away from the bus, but further could have done nothing to save herself from being struck after the driver had let her out. The argument that they could not reasonably have concluded that she was free from contributory negligence therefore fails.

The jury could further have reasonably found upon the evidence facts, which it is unnecessary for the purposes of this opinion to recite, supporting the conclusion that there was negligence by the defendant Hasak which was a concurring proximate cause of the plaintiff's injury. The appellant's second contention is that "since it must be assumed that the jury properly applied the court's correct instructions," their finding that the defendant Hasak was not liable, is conclusive that they found the plaintiff guilty of contributory negligence which barred recovery against him, inasmuch as they must have found Hasak guilty of negligence causing her injury. The argument is that we must assume the jury correctly applied the charge as regards Hasak and therefore incorrectly applied it as regards the appellant, but it could with equal reason be argued that the jury incorrectly applied the charge as regards Hasak and correctly as regards the appellant. While that possibility affords a complete and conclusive answer to the defendant's argument, even though it appeared that the jury did so err in finding Hasak not liable, this could afford no ground for setting aside the verdict against the appellant, a joint tort feasor.

There is no error in either case.

In this opinion the other judges concurred.