SALVATORE CARRANO *v.* S. CINQUE & SONS, INC.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued May 7—decided June 6, 1941.

*Charles Albom,* for the appellant (plaintiff).

*Francis J. Moran,* with whom was *John E. McNerney,* for the appellee (defendant).

MALTBIE, C. J.  Smolenski brought an action against both of the above named parties, Carrano and S. Cinque & Sons, Inc., the latter of which we shall hereafter refer to as the corporation, to recover damages suffered by reason of their claimed negligence.  Carrano brought this action growing out of the same accident against the corporation, claiming to recover damages due to its negligence, and it filed a counterclaim to recover damages growing out of the same accident sustained by reason of Carrano's negligence.  By agreement the actions were tried together.  Smolenski, coming to a street intersection in his car, saw the automobiles of Carrano and the corporation approaching and brought his car to a stop.  The automobiles of Carrano and the corporation collided in the intersection and as a result that of the latter, evidently out of control, ran into Smolenski's car.  The fact that the two actions were tried together, that there were two defendants in that brought by Smolenski and that in the action brought by Carrano the corporation had filed a counterclaim, necessitated the submission of several forms of verdict to the jury.  They returned with two verdicts, one for Smolenski against both the others and the other for Carrano against the corporation.  The trial court refused to accept the verdicts, instructed them that, if they rendered a verdict in Smolenski's favor they could not find for either Carrano or the corporation to recover from the other and returned them for further consideration.  They returned later with verdicts the same as those first submitted.  The court then accepted the verdict in favor

of Smolenski in the action he brought but returned the jury with direction to render a verdict in the action brought by Carrano for the defendant on the complaint and for the plaintiff on the counterclaim. This they did. Carrano then moved to set aside the verdict, but the trial court denied the motion and from that denial he has appealed.

The difficulty with the position taken by the trial court is its assumption that the verdict in the Smolenski case was correctly reached and that in the Carrano case was improper. In its memorandum of decision the court states that the verdict for Smolenski was clearly right and attributes the verdict in the Carrano case to some notion on the part of the jury that he was less negligent than the corporation. But the court does not state that both Carrano and the corporation were negligent as matter of law. We cannot see how it could arrive at the conclusion it did without weighing the evidence on one side and the other, which of course was not its function in a jury trial. As far as the record shows, it was quite as likely that the error of the jury was in holding Carrano liable in the Smolenski case as in rendering the verdict for him in the action he brought. *McNamara* v. *Connecticut Railway & Lighting Co.,* 126 Conn. 127, 131, 9 Atl. (2d) 720. The direction of the verdict in the Carrano case for the defendant on the complaint and the plaintiff on the counterclaim lacks necessary support in the record, and the verdict rendered on that direction must be set aside.

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.